IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ENERGYCOMNETWORK LLC, | § § § | |
| *Plaintiff,* | § § | CIVIL ACTION NO. _____ |
| v. | § § | |
| ACACIA ENERGY, LLC and ALLY POWER & LIGHT, LLC, | § § § | JURY TRIAL DEMANDED |
| *Defendants.* | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

EnergyComNetwork LLC (hereinafter referred to as "ECN") by and through its undersigned attorneys and for its Complaint against Defendants Acacia Energy, LLC and Ally Power & Light, LLC, collectively Defendants, alleges as follows:

### THE PARTIES

1. Plaintiff EnergyComNetwork LLC is a limited liability company organized and existing under the laws of Georgia, whose principal place of business is at 333 North Point Center East, Suite 250, Alpharetta, Georgia 30022, and sometimes is hereinafter referred to as "ECN."

2. Upon information and belief, Defendant Acacia Energy, LLC (hereinafter sometimes referred to as "AE") is a limited liability company organized and existing under the laws of the State of Texas and has its principal place of business at 4853 Woodpecker Street, Houston, Texas 77035. AE's registered agent for service of process is David Dorwart, who may be served at 4853 Woodpecker Street, Houston, Texas 77035.

3. Upon information and belief, Defendant Ally Power & Light, LLC (sometimes hereinafter referred to as "APL") is a corporation organized and existing under the laws of the State of Delaware and has its offices at 315 Upland Road, Kennett Square, Pennsylvania 19348. APL's registered agent for service of process is David Dorwart, who may be served at 315 Upland Road, Kennett Square, Pennsylvania 19348. Based upon information provided by the Texas Secretary of State, Defendant APL is a part of the management of Defendant AE.

4. Upon information and belief, Defendant AE has filed an Assumed Name Certificate with the Secretary of State of Texas permitting Defendant AE to do business in Texas as "PayGo Power." Further Defendant AE and Defendant APL are sometimes hereinafter referred to collectively as Defendants.

## JURISDICTION AND VENUE

5. This action arises under the Trademark laws of the United States, 15 USC §§1051-1127, with jurisdiction being conferred over this case pursuant to 15 USC §1121 and 28 USC §1338(a) based on Defendants' acts of infringement of federally registered service marks, and unfair competition arising under the Trademark Act of 1946 (the "Lanham Act"). Jurisdiction of Plaintiff ECN's state law claims for unfair competition is also conferred by principles of ancillary and pendent jurisdiction pursuant to 28 USC §1338(b).

6. Venue is proper in this district pursuant to 28 USC §1391 because a substantial part of the events giving rise to the claims occurred in this judicial district and in this State, and because Defendants do business in this judicial district and/or because Defendants are subject to personal jurisdiction in this judicial district.

## ECN'S SERVICE MARK RIGHTS

7.   Since at least January, 2007, Plaintiff ECN has been engaged principally in the business of selling its electric meter reading and data analysis services (including pre-paid electric systems) in association with its "PayGo" mark.

8.   Since such time, Plaintiff ECN has grown and developed its services into a nationwide market and has become known and recognized in the industry, having gained national prominence as associated with its "PayGo" mark, due to its high visibility, and top quality services that it provides to the consuming public.

9.   Plaintiff ECN has received much notoriety in the light and power industry for its high quality electric meter reading pre-paid electric systems as associated with its "PayGo" mark. Plaintiff ECN has extensively promoted its "PayGo" services by advertising, attending trade shows (including Distributech), meeting with potential customers (i.e. utility companies) and exposure through its website at www.paygoelectric.com. Plaintiff ECN has enjoyed much marketplace success in providing its services in association with its "PayGo" mark.

10.   Plaintiff ECN is the owner of all right, title and interest in and to U.S. Service Mark Registration No. 3,776,123 (hereinafter the "'123 Registration") for "PayGo Electric," as registered on April 13, 2010, a true and accurate copy of which is attached hereto as Pleading Exhibit "A." The '123 Registration is valid and subsisting.

11.   Plaintiff ECN is the owner of all right, title and interest in and to U.S. Service Mark Registration No. 3,816,554 (hereinafter the "'554 Registration") for "PayGo Utilities," as registered on July 13, 2010, a true and accurate copy of which is attached hereto as Pleading Exhibit "B." The '554 Registration is valid and subsisting.

12.     Plaintiff ECN is the owner of all right, title and interest in and to U.S. Service Mark Registration No. 3,816,558 (hereinafter the "'558 Registration") for "PayGo," as registered on July 13, 2010, a true and accurate copy of which is attached hereto as Pleading Exhibit "C." The '558 Registration is valid and subsisting.

13.     The '123 Registration, the '554 Registration, and the '558 Registration are sometimes hereinafter collectively referred to as Plaintiff ECN's "PayGo" Registrations.

## DEFENDANTS' ACTIONS

14.     Upon information and belief, Defendant AE is managed by Defendant APL, with the individual David Dorwart being an active participant in both organizations.

15.     Upon information and belief, Defendant AE applied for and received an Assumed Name from the Texas Secretary of State for "PayGo Power" on or about May 19, 2010.

16.     Upon information and belief, on or about May 4, 2010, David Dorwart caused to be created the domain name www.paygopower.com. The Registrant of the domain name was listed as Britton & Associates, David Dorwart, 315 Upland Road, Kennett Square, Pennsylvania 19348. See the attached Pleading Exhibit "D."

17.     Upon information and belief, Defendant AE, as managed by Defendant APL, is doing business as "PayGo Power" in the State of Texas by and through its website at www.paygopower.com and www.pre-paid-electricity.com.

18.     With respect to Defendants' use of www.paygopower.com, as shown in Pleading Exhibit "E," Defendants make prominent use of the "PayGo" mark, in association with its pre-paid electrical services, as well as in its telephone number of 1-877-99PAYGO.

19.     Upon information and belief, Defendant AE, as managed by Defendant APL, makes prominent use of the "PayGo" mark as shown on the www.pre-paid-electricity.com

website, true and accurate copies of which are attached hereto as Pleading Exhibit "F." Defendants prominently claim "Texas' Best No Deposit Electricity Solutions – Proudly providing pre-paid power in Houston, Dallas, Killeen, Midland, Odessa, Waco, Fort Worth, Arlington, Katy, Humble and many other Texas cities," all associated with Defendants' usage of "PayGo" and 'PayGo Power" marks.

20. Defendants' marks "PayGo" and "PayGo Power" are in widespread usage throughout the State of Texas, as is reflected in Defendants' "Terms of Service," a copy of which is attached as Pleading Exhibit "G."

21. The aforementioned acts of Defendants and their use of the "PayGo" mark is causing injury to Plaintiff ECN, has caused confusion in the marketplace with the services offered by Plaintiff ECN and those of Defendants, and such continued action on behalf of Defendants and their associated usage of the "PayGo" marks will cause customers and prospective customers to continue to be confused, mistaken or deceived about the association between Plaintiff ECN and Defendants, and such confusion, mistake or deception will continue to injure Plaintiff ECN.

22. Upon information and belief, Defendants use of "PayGo" is usage of a mark that is confusingly similar to Plaintiff ECN's PayGo Registrations. Use of the mark "PayGo" and "PayGo Power" is likely to cause confusion, mistake or deception regarding the origin, sponsorship, or approval of Plaintiff ECN's services and its commercial activities. Indeed, actual marketplace confusion has occurred. This confusion, mistake or deception will cause significant damage to Plaintiff ECN.

23. Upon information and belief, Defendants adopted the name "PayGo" with full knowledge of Plaintiff ECN's PayGo Registrations and the wide-spread recognition of services

provided by Plaintiff ECN in association with such PayGo Registrations and service marks in the community and with the intent to take advantage of the substantial goodwill that Plaintiff ECN has developed in the marketplace. Unless enjoined by this Court, Defendants will continue to willfully infringe upon Plaintiff ECN's rights, causing irreparable damage to Plaintiff ECN.

24. The aforementioned acts of Defendants are neither approved nor in any manner licensed by Plaintiff ECN.

## COUNT ONE – INFRINGEMENT UNDER THE LANHAM ACT

25. Plaintiff ECN repeats and realleges paragraphs 1 through 24 of this Complaint and the acts of Defendants set forth therein are incorporated herein by reference as a pleading to this Count.

26. The unauthorized use by Defendants of the "PayGo" and "PayGo Power" marks in association with Defendants offering for sale, selling and advertising its pre-paid electric services in commerce constitutes an infringement of Plaintiff ECN's PayGo Registrations, which infringement is likely to cause Plaintiff ECN injury and damage in violation of Section 32 of the Lanham Act, 15 USC §1114.

27. The unauthorized use by Defendants of the "PayGo" and "PayGo Power" marks in association with Defendants offering for sale, selling and advertising its services in commerce constitutes an adoption of a mark that is identical to the "PayGo" marks of Plaintiff ECN, which constitutes a false designation of origin – a knowing false description or representation – regarding the services offered or sold by Defendants in commerce and an infringement which is likely to cause Plaintiff ECN injury and damage in violation of Section 43(a) of the Lanham Act, 15 USC §1125(a).

## COUNT TWO – RELATED STATE SERVICE MARK INFRINGEMENT, COMMON LAW VIOLATIONS AND UNFAIR COMPETITION

28. Plaintiff ECN repeats and realleges paragraphs 1 through 27 of this Complaint and the acts of Defendants set forth therein are incorporated herein by reference as a pleading to this Count.

29. This cause of action arises under the Common Law of the State of Texas.

30. Defendants, by their acts, have infringed upon Plaintiff ECN's common law rights in its "PayGo" marks and will continue to do so unless enjoined by this Court.

31. Defendants' acts have caused and will continue to cause Plaintiff ECN irreparable harm unless enjoined by this Court. Plaintiff ECN has no adequate remedy at law.

32. Defendants, by their acts, have unfairly competed with Plaintiff ECN and have infringed Plaintiff ECN's common law rights and its "PayGo" marks in violation of the Common Law of the State of Texas.

33. Defendants' acts permit and accomplish confusion, mislead and deceive the public as to the source or origin of Defendants' services, permit and accomplish palming off of Defendants' services as those of Plaintiff ECN and falsely suggest a connection between Defendants' services and those of Plaintiff ECN, thus constituting acts of unfair competition with Plaintiff ECN in violation of the Common Law of the State of Texas.

34. Defendants' acts have caused and will continue to cause Plaintiff ECN irreparable harm unless enjoined by this Court. Plaintiff ECN has no adequate remedy at law.

35. Pursuant to Tex. Bus. & Com. Code §16.29, Defendants' acts are likely to injure Plaintiff ECN's business reputation or to dilute the distinctive mark of Plaintiff ECN, registered under Title 15, U.S.C. or valid at common law. Plaintiff ECN therefore seeks to enjoin these actions of Defendants.

## DAMAGES

36. The amount of actual damages and lost sales sustained by Plaintiff ECN and/or profits of Defendants under Count One and Count Two hereinabove is not ascertainable at the time of filing of this Complaint, but will be ascertained more clearly during pre-trial discovery and will be plead with more specificity at the conclusion of discovery; however, upon information and belief, such damages are well in excess of $100,000, exclusive of interest and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ECN prays for the following relief:

(a) That Defendants, their officers, directors, agents, servants, employees and all those in active concert with Defendants be preliminarily, and after trial on the merits, be permanently enjoined from advertising, promoting, selling or offering for sale their services under the name "PayGo", "PayGo Power", 1-877-99PAYGO or any other name or mark confusingly similar to "PayGo";

(b) That Defendants be required to pay to Plaintiff ECN any damage sustained by Plaintiff ECN as a result of Defendants' acts;

(c) That Defendants be required to deliver up to Plaintiff ECN for destruction all products, packaging, and advertising containing the mark "PayGo", "PayGo Power", 1-877-99PAYGO, any reproduction, copy or counterfeit or colorable imitation of "PayGo" and all means for making same, pursuant to 15 USC §1118;

(d) That, in view of the willful nature of the infringement in this matter by Defendants, the Court award to Plaintiff ECN a sum of three times the amount of actual damages pursuant to 15 USC §1117;

(e) That Defendants, their officers, directors, agents, servants and employees and all those acting in the act of concert or participation with any of them be preliminarily and permanently enjoined from palming off Defendants' services as those of Plaintiff ECN or otherwise committing acts of unfair competition against Plaintiff ECN by use of any marks confusingly similar to Plaintiff ECN's "PayGo" Registrations and marks;

(f) That this case be deemed exceptional and that Plaintiff ECN be awarded costs of this action, including its reasonable attorney's fees pursuant to 15 USC §1117;

(g) That Plaintiff ECN be awarded its costs of this litigation and pre- and post-judgment interest as provided by law; and,

(h) That Plaintiff ECN be awarded such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rules of Civil Procedure, Rule 38(b), Plaintiff ECN hereby demands a trial by jury on all issues triable by jury.

Respectfully submitted,

Richard L. Schwartz
Texas Bar No. 17869500
Thomas F. Harkins, Jr.
Texas Bar No. 09000990
**WHITAKER, CHALK, SWINDLE & SAWYER, L.L.P.**
301 Commerce Street, Suite 3500
Fort Worth, Texas 76102-4186
(817) 878-0500 – Telephone
(817) 878-0501 – Facsimile
rschwartz@whitakerchalk.com
tharkins@whitakerchalk.com

**ATTORNEYS FOR PLAINTIFF, ENERGYCOMNETWORK LLC**